

**Signed and Filed: August 07, 2007**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>WILLIE E. PHILLIPS,<br>     Debtor. | Case No. 06-30590 TEC 7<br>Chapter 7 |
| UNITED STATES TRUSTEE,<br>     Plaintiff,<br>  vs.<br>WILLIE E. PHILLIPS,<br>     Defendant. | Adv. Proc. No. 06-3124 TC<br>(transferred from Bankr.<br>S.D. Cal.) |

**MEMORANDUM RE DEFENDANT'S MOTION FOR CONTINUANCE
OF TRIAL DATE AND FOR RECUSAL OF TRIAL JUDGE**

This court held a hearing on August 3, 2007 re Defendant's motion for continuance of trial, and for recusal of the undersigned judge. Bruce P. Zelis appeared for Defendant. Minnie Loo appeared for Plaintiff.

Plaintiff did not object to Defendant's motion to continue,

MEMORANDUM                              -1-

and the court continued the trial to November 27, 2007, and extended the discovery cutoff until October 29, 2007.

Defendant's motion to recuse asserts that a reasonable person would question my impartiality because: (1) I enforced a decision by the three judges of the Oakland division of this court that Defendant should not be appointed as counsel for the debtor in possession in any chapter 11 case; (2) I ruled against Defendant's client in a recent case in which Defendant believes I should have ruled in favor of his client; and (3) I will be called as a witness in the present case because the complaint refers to the above-noted decision by the three Oakland judges.

Defendant's motion does not state grounds for disqualification under 28 U.S.C. § 455 for the following reasons.

Grounds (1) and (2) do not involve either knowledge obtained from an extra-judicial source or evince favoritism or antagonism that would make fair judgment impossible. The Supreme Court has set forth the following text:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings,* do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added). With respect to knowledge obtained in prior proceedings, the Court explained:

> "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." In re J.P. Linahan, Inc., 138 F.2d 650, 654 (CA2 1943). Also not subject to deprecatory characterization as "bias" or

MEMORANDUM -2-

> "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

Id. at 451.

Nor does ground (3) establish a basis for recusal. I do not have knowledge of disputed evidentiary facts concerning the proceeding, such that I may be called as a witness. Although the complaint does refer to the decision of the three Oakland judges, my sole role was to enforce that decision against Mr. Phillips as I would enforce an applicable prior ruling by any court of competent jurisdiction.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Willie E. Phillips, Esq.
484 Lake Park Avenue, Suite 335
Oakland, CA 94610

Bruce P. Zelis, Esq.
Law Offices of Bruce P. Zelis
1943 1st Avenue
Walnut Creek, CA 94596

Minnie Loo, Esq.
Office of the U.S. Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5217